ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Keith McCoy ("appellant"), appeals the trial court's acceptance of his guilty plea to felonious assault, two counts of rape, gross sexual imposition, and three counts of aggravated burglary, as well as the trial court's imposition of consecutive sentences. For the following reasons, this court affirms the trial court's acceptance of appellant's guilty plea and imposition of consecutive sentences.
 {¶ 2} Appellant was indicted for four separate attacks on mostly elderly, immigrant women within a period of approximately one month. Three of appellant's victims were Chinese immigrants who spoke little or no English and two of the three were 60 and 72 years old at the time of the attacks.
 {¶ 3} After entering a plea of not guilty at his arraignment, appellant was referred to a psychiatric clinic for an evaluation of his competency to stand trial, as well as a determination whether appellant was insane at the time he committed the offenses. According to the record, based on the report of Dr. Aronoff, appellant was found not competent to stand trial because of his "schizoeffective" disorder. However, based on Dr. Aronoff's recommendation, appellant was referred to the Northcoast Behavioral Health Care System Restoration to Competency Program in an attempt to restore his competency to stand trial.
 {¶ 4} At a subsequent hearing, appellant's counsel and the state accepted the reports of Dr. Woyshville and Dr. Noffsinger, both from the Northcoast Behavioral Health Care System Restoration to Competency Program, which found appellant competent to assist his counsel and competent to stand trial. Based on the reports, as well as the stipulation of counsel, the trial court accepted the reports and found appellant restored to competency and competent to stand trial. The trial court did, however, refer appellant to the psychiatric clinic for an evaluation on his sanity at the time he committed the offenses.
 {¶ 5} Thereafter, the trial court accepted the findings of the psychiatric clinic which found appellant was not legally insane at the time the offenses were committed. Appellant pled guilty to felonious assault, two counts of rape, gross sexual imposition, and three counts of aggravated burglary, and the parties stipulated that appellant be classified a sexual predator. The trial court sentenced appellant to a total of 30 years in prison for the four victims, ordering that some of the sentences imposed for a particular victim be served consecutively to other sentences.
 {¶ 6} Appellant filed his appeal. However, upon motion to correct the record filed by the state, the trial court, pursuant to App.R. 9(E), ordered the reports of Dr. Woyshville and Dr. Noffsinger that were referred to in the hearing, be included as part of the trial court's record for the purposes of appellant's appeal and transmitted the reports to the court of appeals. Appellant then filed a supplemental appeal, arguing that the trial court erred when it ordered the reports to be part of the trial court record for the purposes of appeal.
 I. {¶ 7} Because appellant's first, second, and fourth assignments of error relate to the reports issued by Dr. Woyshville and Dr. Noffsinger, they will be addressed together. Appellant argues, in his first assignment of error, that the trial court erred when it failed to include the reports as part of the record when it found appellant had been restored to competency and was competent to stand trial. Appellant next argues, in his second assignment of error, that appellant was denied the effective assistance of counsel when his counsel failed to object to the competency reports and request a hearing on the findings. Further, appellant argues, in his fourth assignment of error, that the trial court erred when it granted the state's motion to correct the record and ordered that the reports be part of the record for the purposes of appeal. However, appellant's arguments are without merit.
 {¶ 8} App.R. 9(E) provides in whole:
 {¶ 9} "Correction or modification of the record. — If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."
 {¶ 10} Here, although the original record of the trial court did not contain as exhibits the reports issued by Dr. Woyshville and Dr. Noffsinger, which found that appellant had been restored to competency, the trial court corrected that omission when, pursuant to App.R.9 (E), it ordered the reports to be part of the record and transmitted to the court of appeals. Even if this court were to accept appellant's argument in his first assignment of error that the trial court erred when it failed to include the reports as part of the original record, the argument is moot once the trial court acted within its authority under App.R. 9(E) to correct the record by including the reports as part of the record. It should also be noted that the transcript from the hearing on whether appellant was restored to competency clearly demonstrates that the court received and reviewed the reports, provided the reports to appellant's counsel and the state, and both parties stipulated to the findings of the reports as well as appellant's competence to stand trial. Thus, appellant's first and fourth assignments of error are overruled.
 {¶ 11} Moreover, it cannot be said that appellant's counsel's performance was deficient in failing to object to the findings that appellant was competent to stand trial when appellant fails to provide this court with any evidence that, in fact, appellant was incompetent to stand trial. Here, appellant's counsel stipulated to the ultimate finding of the reports; that is, appellant was competent to stand trial. Without more, appellant fails to meet the two-prong test annunciated in Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674 ("[f]irst, the defendant must show that counsel's performance was deficient" and "[s]econd, the defendant must show that the deficient performance prejudiced the defense"). Thus, appellant's second assignment of error is overruled.
 II. {¶ 12} Finally, for his third assignment of error, appellant argues that the trial court erred in imposing consecutive sentences based upon a report not entered into evidence. As discussed above, any perceived error of the trial court's reliance upon the reports of Dr. Woyshville and Dr. Noffsinger at the time of sentencing was corrected when the trial court ordered the reports be included as part of the record for the purposes of appeal. Likewise, appellant's argument is without merit as the trial court's imposition of consecutive sentences — even without any reliance upon the reports — was proper.
 {¶ 13} Here, the trial court, pursuant to R.C. 2929.12(B), considered the ages of appellant's multiple victims, two of whom were 60 and 72 years old at the time of the offenses. The trial court considered the ethnicity of the victims, three of whom were Chinese immigrants who spoke little or no English. The trial court also rightly considered, pursuant to R.C. 2929.14(E)(4), the fact that appellant was on post-release control for sexual battery and attempted felonious assault at the time he committed the offenses and, in the past, had been found in violation of his parole on two occasions. Although the trial court considered that appellant was diagnosed with paranoid schizophrenia and suffered from major depressive disorders, the trial court noted that the offenses and the victims' injuries were serious and that appellant has demonstrated that he is likely to commit a crime after he gets out of prison.
 {¶ 14} Based on the above reasons as required under R.C.2929.19(B)(2)(c), as well as the details of how appellant committed the four offenses, the trial court stated its findings as follows:
 {¶ 15} "The court finds that consecutive terms are necessary to protect the public and punish the defendant and that said terms are not disproportionate to the seriousness of the defendant's conduct and the danger that the defendant poses to the public; that the defendant committed multiple crimes, the last of which occurred from March 14th and April 8th
while he was on Post Release Control; and that the defendant's criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime and punishing the defendant."
 {¶ 16} Because the trial court strictly adhered to the statutory requirements in imposing consecutive sentences, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Rocco, J., concur.